# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ASHLEY L. MANER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-1088-VEH |
| | ) |
| LINKAN, LLC, d/b/a FUGI | ) |
| JAPANESE CUISINE, | ) |
| | ) |
|     Defendant. | ) |

## **JURY INSTRUCTIONS**

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

    A jury trial has, in effect, two judges. I am one of the judges; the other judge is the jury. My duty is to preside over the trial and to decide what evidence is proper for your consideration. My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

    First, I will give some general instructions that apply in every case; for

example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

Your duty will be to decide whether Ms. Maner has proved by a preponderance of the evidence the specific facts necessary to find Linkan liable on the claims Ms. Maner has made. I will give you more instructions about the specific claims in a minute.

As I have already told you, you must make your decision only on the basis of the testimony and other evidence presented here during the trial. You must not be influenced in any way by either sympathy for, or prejudice against, anyone.

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–your sworn duty is to follow all of the rules of law as I explain them to you.

Remember that anything the lawyers said is not evidence in the case. Your own recollection and interpretation of the evidence controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during

the trial in arriving at your own decision concerning the facts.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. Your duty is to apply the law as I explain it to you, regardless of whether you like the law or its consequences.

Your duty also is to base your verdict solely upon the evidence, without prejudice or sympathy for or against anyone. You made that promise and took that oath before being accepted by the parties as jurors, and they have the right to expect nothing less.

## Consideration Of The Evidence

## Duty To Follow Instructions

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it --- even if you do not agree with the law --- and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a limited liability company is involved as a party must not

affect your decision in any way.  A limited liability company and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a limited liability company is involved, of course, it may act only through people as its employees; and, in general, a limited liability company is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is

proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as a person who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This responsibility is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party asserting that claim or contention.

## CASE SPECIFIC INSTRUCTIONS

Before I tell you what must be proven, let me first tell you that an employer is not required by law to have an employee manual. Of course, you may consider all the evidence in deciding this case.

### Plaintiff Ashley Maner's Disparate Treatment Claim

In this case, the Ms. Maner claims that Linkan violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their sex.

Specifically, Ms. Maner claims that Linkan discriminated against her by

terminating her because of her pregnancy.

Linkan denies Ms. Maner's claim and asserts that Ms. Maner voluntarily quit because she was pregnant.

To succeed on this claim, Ms. Maner must prove the following fact by a preponderance of the evidence: that Linkan discharged Ms. Maner.

In the verdict form that I will explain in a moment, you will be asked to answer questions about this factual issue.

The first question will be whether Linkan discharged Ms. Maner from employment.

Linkan claims that it did not discharge Ms. Maner; rather, she voluntarily quit. An employer may not discriminate against an employee because of the employee's pregnancy, but it does not violate the law if an employee voluntarily quits because she is pregnant.

**Plaintiff Ashley Maner's Retaliation Claim**

In this case, Ms. Maner also claims that Linkan retaliated against her because she took steps to enforce her lawful rights under Title VII of the Civil Rights Act.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Ms. Maner merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Ms. Maner claims that Linkan discharged her because she complained that firing someone due to pregnancy was illegal.

Linkan denies Ms. Maner's claim and asserts that Ms. Maner voluntarily quit.

To succeed on her claim, Ms. Maner must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:   Ms. Maner engaged in a protected activity;

<u>Second</u>:   Linkan then took an adverse employment action;

<u>Third</u>:   Linkan decided to take the adverse employment action because of Ms. Maner's protected activity;  and

<u>Fourth</u>:   Ms. Manner suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Ms. Maner claims that she engaged in protected activity when she complained that firing someone due to pregnancy was illegal. That action is "protected activity" if it was based on Ms. Maner's good-faith, reasonable belief that Linkan discriminated against her because of her pregnancy. Ms. Maner had a "good faith" belief if she honestly believed that Linkan discriminated against her because of her pregnancy. Ms. Maner had a "reasonable" belief if a reasonable person would, under the circumstances, believe that Linkan discriminated against her because of her pregnancy.

For the second element, Ms. Maner claims that Linkan took an adverse

10

employment action against her when Linkan discharged her. The parties have stipulated - that is, they have agreed, that if you find that Linkan discharged Ms. Maner, that is an adverse employment action.

For the third element, if you find that Ms. Maner engaged in protected activity and that Linkan discharged her, you must decide whether Linkan decided to discharge her because of her protected activity.

To determine that Linkan discharged Ms. Maner because of her protected activity, you must decide that Ms. Maner complained that firing someone due to pregnancy was illegal and that her complaint resulted in her discharge.

Linkan claims that it did not discharge Ms. Maner. An employer may not discharge an employee because of the employee's protected activity.

You will not reach the fourth element, damages, unless you decide the first three elements in Ms. Maner's favor. If you reach the fourth element, you must decide whether Linkan's acts caused Ms. Maner to incur any damages and, if so, what those damages are.

## DAMAGES

**1. Compensatory**

If you find in Ms. Maner's favor for each fact she must prove on either claim, you must consider Ms. Maner's compensatory damages. When considering the issue of Ms. Maner's compensatory damages, you should determine what amount, if any, has been proven by Ms. Maner by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Maner's damages as a result of the discharge, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Linkan. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Maner has proved them by a preponderance of the evidence, and no others:

(a) net lost wages from the date of discharge to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Maner's net lost wages, you should consider evidence of the actual wages she lost.

To determine whether and how much Ms. Maner should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of

injury — tangible and intangible. Ms. Maner does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

### 2. Punitive

Ms. Maner also asks you to award punitive damages. The purpose of punitive damages is not to compensate Ms. Maner but, instead, to punish Linkan for the claimed wrongful conduct against her and to deter similar wrongful conduct. You will only reach the issue of punitive damages if you find for Ms. Maner and award her compensatory damages.

To be entitled to an award of punitive damages, Ms. Maner must prove by a preponderance of the evidence that Linkan acted with either malice or with reckless indifference toward Ms. Maner's federally protected rights. Specifically, Ms. Maner must show that an employee of Linkan, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Maner's federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Linkan gave the employee and the amount of

discretion that the employee has in what is done and how it is accomplished.

To show that Linkan acted with malice, Ms. Maner must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Maner anyway. To show that Linkan acted with reckless indifference to Ms. Maner's federally protected rights, Ms. Maner must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ms. Maner to an award of punitive damages; Ms. Maner need not prove both.

There is no single factor that determines whether Linkan acted with malice or with reckless indifference to Ms. Maner's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Linkan engaged in a pattern of discrimination toward its employees; (2) whether Linkan acted spitefully or malevolently; (3) whether Linkan showed a blatant disregard for civil legal obligations; (4) whether Linkan failed to investigate reports of discrimination; (5) whether Linkan failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process

concerning Ms. Maner's alleged discharge.

### 3. Mitigation

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Maner to be reasonably diligent in seeking substantially equivalent employment to the position she held with Linkan. To prove that Ms. Maner failed to mitigate damages, Linkan must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Maner held with Linkan was available, and (2) Ms. Maner did not make reasonably diligent efforts to obtain it. If, however, Linkan shows that Ms. Maner did not make reasonable efforts to obtain any work, then Linkan does not have to prove that comparable work was available. If you find that Linkan proved by a preponderance of the evidence that Ms. Maner failed to mitigate damages, then you should reduce the amount of Ms. Maner's damages by the amount that could have been reasonably realized if Ms. Maner had taken advantage of an opportunity for substantially equivalent employment.

## NOTES

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must

decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind, if you become convinced that your initial opinion was wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict.

Remember, in a very real way you are judges – judges of the facts and judges of the credibility of the witnesses.  Your only interest is to seek the truth from the evidence in the case.

**Election Of Foreperson And Explanation Of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will guide your deliberations and will speak for you here in court.

The court has prepared a verdict form for your convenience.

(EXPLAIN – VERDICT FORM)

You will take the verdict form to the jury room.  When you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and

sign it, and then return to the courtroom. When you have reached your decision knock on the jury room door and tell the courtroom deputy that you have a verdict.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom deputy, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, regarding any message or question you might send, that you should not tell me your numerical division at the time.

**GIVEN** this 1st day of August, 2013.