

Maner v. Linkan, LLC, 1:12-cv-01088-VEH
Molly Murphy
to:
hopkins_chambers
08/05/2013 03:54 PM
Cc:
Arthur, freeman, "John Saxon"
Hide Details
From: "Molly Murphy" <mmurphy@saxonattorneys.com>

To: <hopkins_chambers@alnd.uscourts.gov>

Cc: <Arthur@fitelawfirm.com>, <freeman@fitelawfirm.com>, "John Saxon" <jsaxon@saxonattorneys.com>

1 Attachment



8.5.13 LTR re Damages.pdf

Judge Hopkins,

Attached is Plaintiff's letter regarding Title VII statutory caps on mental anguish and punitive damages.

Thank you,
Molly Murphy

Margaret G. Murphy
**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Tel: (205) 324-0223
Fax: (205) 323-1583
Direct: (205) 324-2621

LAW OFFICES
# JOHN D. SAXON, P.C.
A PROFESSIONAL CORPORATION
2119 3RD AVENUE NORTH
BIRMINGHAM, AL 35203

JOHN D. SAXON
SANDRA B. REISS
DONNA S. CUDE*
MARGARET G. MURPHY

OF COUNSEL
JOSEPH A. HUTCHINGS

TELEPHONE (205) 324-0223
FACSIMILE (205) 323-1583

TOLL FREE: 866-554-5975
TOLL FREE: 866-554-5976

FIRM ADMINISTRATOR
DEBBY BURT

*ALSO ADMITTED IN
TEXAS

August 5, 2013

**VIA ELECTRONIC MAIL TO:**
hopkins_chambers@alnd.uscourts.gov
cc: arthur@fitelawfirm.com; freeman@fitelawfirm.com

The Honorable Virginia E. Hopkins
United States District Court
Federal Building & U.S. Courthouse
1129 Noble Street
Anniston, AL 36201

Dear Judge Hopkins:

    If it is determined that Linkan, LLC has fewer than 101 employees, Plaintiff's damages against it are capped at $50,000 for the combination of mental anguish and punitive damages for both Title VII claims. 42 U.S.C. § 1981a(b)(3); Hudson v. Chertoff, 473 F. Supp. 2d 1286, 1288-90 (S.D. Fla. 2007). This amount does not, however, include "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. 2000e-5(g)]" or attorneys' fees under 42 § 2000e-5(k). It was determined at trial that Ms. Maner's back pay/compensatory damages were $14,000 ($6,000 and $8,000, respectively). Plaintiff's counsel's attorneys fees will be determined by separate fee petition.

    It was also determined at trial that Linkan, LLC owns one, and perhaps, two restaurants. Without examining certain documents, it is unclear whether Defendant retained any interest in Fuji Japanese Cuisine in Oxford, Alabama. The only number of employees discussed at trial were the ones who work for Fuji, and the evidence at trial painfully demonstrated that Linkan has more employees than its records to government agencies would indicate. We believe that a period of post-trial discovery is necessary to ascertain the true number of Linkan employees before a determination by the Court of the application of the statutory caps to the verdict returned by the jury.

Very Truly Yours,

John D. Saxon

cc: Arthur F. Fite, III
    A. Freeman Fite, IV