FILED
2013 Aug-07 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ASHLEY L. MANER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:12-CV-1088-VEH |
| | ) |
| LINKAN, LLC, d/b/a FUGI | ) |
| JAPANESE CUISINE, | ) |
| | ) |
|     Defendant. | ) |

## **FINAL JUDGMENT**[1]

This case went to trial on July 29, 2013. The jury reached a verdict on August 1, 2013, which has since been published. (Doc. 29).

In her case, the plaintiff, Ashley L. Maner ("Ms. Maner") articulated two Title VII claims against the defendant, Linkan, LLC ("Linkan"): (1) pregnancy discrimination, and (2) retaliation. However, both claims related to one adverse employment action; that is, Ms. Maner's termination on October 24, 2010. The jury returned a verdict in Ms. Maner's favor on both claims. On her pregnancy discrimination claim, the jury awarded her the following damages:

- $6,000 in compensatory damages for net loss of wages;

---

[1] The page references to all documents cited to in this final judgment correspond with the court's CM/ECF numbering system.

- $25,000 in compensatory damages for emotional pain and mental anguish; and

- $200,000 in punitive damages.

(Doc. 29 at 1-2). On her retaliation claim, the jury awarded her the following damages:

- $8,000 in compensatory damages for net loss of wages;

- $25,000 in compensatory damages for emotional pain and mental anguish; and

- $50,000 in punitive damages.

(*Id.* at 3-4).

Compensatory and punitive damages, other than net lost wages, are subject to the statutory cap found at 42 U.S.C. § 1981a(b)(3). In the final pretrial order, Linkan asserted as one of its defenses that § 1981a(b)(3)(A) applied. (*See* Doc. 16 at 7 ("Defendant asserts that the statutory cap found at 42 USC § 1981a(b)(3)(A) applies.")). Section 1981a(b)(3)(A) provides that:

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party--
>
> > (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000[.]

42 U.S.C. § 1981a(b)(3)(A).

Ms. Maner did not dispute the application of this defense in the pretrial order. Further, Linkan presented evidence at trial that it had no more than 30 employees during the relevant time period. Ms. Maner disputed this number as low, but failed to introduce any evidence establishing that Linkan employed more than one hundred employees. Accordingly, the court finds that the cap applies. Therefore, the court caps the compensatory and punitive damages awarded to Ms. Maner – apart from net lost wages – at $50,000.

Furthermore, at trial, Ms. Maner proved net lost wages of $5,907. In his closing argument, her counsel asked the jury to award net lost wages with interest.[2] The jury awarded her $6,000 in net lost wages on her pregnancy discrimination claim.[3] The court accordingly remits Ms. Maner's net lost wages and interest award to $6,000.

Therefore, the court hereby awards final judgment to the plaintiff, Ashley L. Maner, in the amount of $56,000 against the defendant, Linkan, LLC. Any request for attorney's fees is due no later than September 6, 2013.

---

[2] As the court recalls, Ms. Maner's counsel asked the jury to "throw in a little interest" and to round the award up to $6,000.

[3] Linkan does not dispute this amount. (*See* Doc. 31 at 2 ("In addition to the $50,000 cap the Plaintiff can recover net loss [sic] wages of $6,000 so a total of $56,000 for an application [of] the statutory cap.")).

3

**DONE** and **ORDERED** this the 7th of August, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge